**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4044
_____

ROBERT SCHANNE,
                                    Appellant
                    v.

JENNA ADDIS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-11-cv-01851)
District Judge:  Honorable Anita B. Brody
_____

Argued May 15, 2013

Before:  SLOVITER, FUENTES, and ROTH, Circuit Judges

(Filed: September 1, 2015)


Wayne A. Ely, Esq.  [ARGUED]
Timothy M. Kolman, Esq.
Kolman Ely
414 Hulmeville Avenue
Penndel, PA 19047
        *Counsel for Appellant*

Stephen J. Britt, Esq.  [ARGUED]
P.O. Box 1746
Blue Bell, PA 19422,
        *Counsel for Appellee*

_____

O P I N I O N *
_____

FUENTES, *Circuit Judge*.

Former high school teacher Robert Schanne sued Jenna Addis, his former student, alleging that Addis defamed him when she told another teacher at Lower Merion High School that she and Schanne had an intimate relationship while she was still a student. The District Court granted summary judgment in favor of Addis on the ground that Pennsylvania's judicial privilege immunized her from liability for those statements. Schanne filed an appeal, arguing that the privilege did not apply because Addis did not reveal their relationship with the intention of initiating proceedings against Schanne.[1]

Because the appeal turned on an important and unsettled issue of state law, we filed a petition for certification with the Pennsylvania Supreme Court. That Court agreed to consider the following question: "Does the absolute judicial privilege apply to an allegation of sexual misconduct against a teacher by a former student, which allegation was made prior to the commencement of any quasi-judicial proceeding and without an intent that the allegation lead to a quasi-judicial proceeding?" *Schanne v. Addis*, 99 A.3d 527 (Pa. 2014).

After considering the parties' arguments, the Pennsylvania Supreme Court answered in the negative, holding that the judicial privilege did not protect Addis's

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] The District Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332, and we have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

statements made prior to the commencement of any quasi-judicial proceeding. *See Schanne v. Addis*, No. 106 MAP 2014, 2015 WL 4920770, at *7-9 (Pa. Aug. 17, 2015). Accordingly, for the reasons set forth in that decision, we will vacate the District Court's grant of summary judgment and remand for further proceedings.